UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNIE BELNAVIS,

   Plaintiff,

v.            Case No.  8:13-cv-2580-T-24 MAP

THE ESTATE OF LESLIE W. EDWARDS,
ET AL.,

   Defendants.
_____/

**<u>ORDER</u>**

  This cause comes before the Court on a motion to dismiss filed by Edwards Grocery,

LLC, Edwards Masonry, Inc., Christine Edwards, and Quenell Spencer.  (Doc. No. 19).  Plaintiff

opposes the motion.  (Doc. No. 25).  The Court held a hearing on this motion on March 6, 2014.

As explained below, the motion is granted in part and denied in part.

**I.  Standard of Review**

  In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  <u>See</u> <u>Murphy v. Federal Deposit Ins. Corp.</u>, 208 F.3d 959,

962 (11th Cir. 2000)(citing <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon

which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim

showing that the pleader is entitled to relief in order to give the defendant fair notice of what the

claim is and the grounds upon which it rests.  <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct.

1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u>

at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

In his complaint (Doc. No. 1), Plaintiff Donnie Belnavis asserts unpaid wages claims against five defendants, as well as a claim that these defendants withheld taxes from his wages that they did not remit to the government on his behalf.  The complaint is not a model of clarity, so the following is a summary of the allegations based on the Court's reading of the complaint.

Plaintiff is not completely clear regarding his employment, but it appears that he worked for almost sixteen years at a grocery store that was owned by Leslie Edwards ("Mr. Edwards") as a sole proprietor.  Mr. Edwards died, and later on May 15, 2013, Plaintiff was terminated by Defendant Christine Edwards ("Ms. Edwards"), who, while not alleged in the complaint, is Mr. Edwards' daughter.

Plaintiff contends that although he performed work at the grocery store, he was paid by, and kept on the books as an employee of, Defendant Edwards Masonry, Inc.  Ms. Edwards is an officer of Edwards Masonry, Inc.  Plaintiff alleges that both Mr. and Ms. Edwards were his employers under the Fair Labor Standards Act ("FLSA"), because they: (1) had the power to hire and fire employees; (2) supervised and controlled Plaintiff's work schedule and conditions of

employment; (3) determined Plaintiff's compensation; and (4) maintained or should have maintained all employee records.

Based on the above allegations, Plaintiff contends that the Estate of Leslie Edwards ("the Estate"), Ms. Edwards, and Edwards Masonry, Inc. were all his employers under the FLSA.  In addition, Plaintiff sues two other defendants—Edwards Grocery, LLC and Quenell Spencer.

While not alleged in the complaint, Plaintiff contends in his response brief that Defendant Edwards Grocery, LLC was formed on June 13, 2013 (after Mr. Edwards' death) as a successor to Mr. Edwards' sole proprietorship.  Thus, Plaintiff contends that Edwards Grocery, LLC is liable for his claims.  Plaintiff also contends that Edwards Grocery, LLC and Edwards Masonry, Inc. are "so closely related in [their] operations and activities as to be a single entity."  (Doc. No. 1, ¶ 24).

Plaintiff alleges that both Ms. Edwards and Defendant Quenell Spencer (though not alleged, both are Mr. Edwards' daughters) are managing members of Edwards Grocery, LLC, and thus, are both Plaintiff's employers.  In addition to the allegations set forth above regarding Mr. and Ms. Edwards, Plaintiff alleges that Ms. Spencer: (1) had the power to hire and fire employees; (2) supervised and controlled Plaintiff's work schedule and conditions of employment; (3) determined Plaintiff's compensation; and (4) maintained or should have maintained all employee records.

With this background in mind regarding the related entities and individuals, Plaintiff contends that he worked approximately 95.4 hours per week[1] during the relevant time periods,

---

[1]Plaintiff contends that he worked seven days per week, except for one Sunday out of each month, and that his gross salary was $400 per week.

but he was never paid for the hours that he worked over 40 hours, and he was never paid using

the overtime rate.  Additionally, beginning on March 1, 2012, Ms. Edwards and Ms. Spencer

paid Plaintiff his weekly wages in cash.  He was paid only $375 in cash and was told that $25

was being withheld for appropriate taxes.

After Plaintiff was terminated, Plaintiff applied for unemployment benefits and learned

that neither Edwards Masonry, Inc. nor Edwards Grocery[2] had been paying money, as Plaintiff's

employer, into Florida's unemployment benefits program or Social Security program.  As a

result, Plaintiff was denied unemployment benefits.

Plaintiff asserts three claims in his complaint against the five defendants described above:

(1) the Estate, (2) Ms. Edwards, (3) Edwards Masonry, Inc., (4) Edwards Grocery, LLC, and (5)

Ms. Spencer.[3]  In Count One, Plaintiff asserts a claim against all five defendants for violating the

FLSA by: (1) not paying him for all hours that he worked, and (2) not paying him at the statutory

overtime rate for the hours he worked in excess of forty per week.  In Count Two, Plaintiff

asserts a failure to pay minimum wages claim under Florida law against all five defendants.  In

Count Three, Plaintiff asserts an unidentified claim against the five defendants regarding the

withholding of $25 from his weekly pay and the failure to remit this money to the Government

for Social Security, Medicare, unemployment, and worker's compensation.  At the hearing,

Plaintiff stated that he voluntarily dismisses Count Three, and as such, the Court will not address

this count further.

---

[2]It is not clear from the complaint whether Plaintiff is referring to Edwards Grocery, LLC or Mr. Edwards' sole proprietorship.

[3]Plaintiff had also asserted claims against Cislyn Lightbourn and South East Personnel Leasing, Inc., but those claims have been dismissed.  (Doc. No. 20, 29).

### III.  Motion to Dismiss

The Estate has not yet appeared in this case.  However, Edwards Grocery, LLC, Edwards

Masonry, Inc., Ms. Edwards, and Ms. Spencer (hereinafter collectively referred to as

"Defendants") have filed the instant motion to dismiss the complaint.  Accordingly, the Court

will analyze the motion with respect to each claim asserted by Plaintiff.

### A.  Count One - FLSA Claim

In Count One, Plaintiff alleges that Defendants violated the FLSA by: (1) not paying him

for all hours that he worked, and (2) not paying him at the statutory overtime rate for the hours

he worked in excess of forty per week.  In response, Defendants argue that this claim should be

dismissed, because: (1) Edwards Grocery, LLC was formed after Plaintiff's termination, and as

such, it could not have employed Plaintiff; (2) Edwards Masonry, Inc. was administratively

dissolved prior to this suit being filed; and (3) Ms. Edwards and Ms. Spencer were never

Plaintiff's employers.  Accordingly, the Court will address each argument.

### 1.  Edwards Grocery, LLC

Defendants argue that the FLSA claim should be dismissed as to Edwards Grocery, LLC,

because Edwards Grocery, LLC was formed after Plaintiff's termination, and as such, it could

not have employed Plaintiff.  Plaintiff was terminated on May 15, 2013, and Edwards Grocery,

LLC was not created until June 13, 2013.

Plaintiff responds that Edwards Grocery, LLC is the successor to Mr. Edwards' sole

proprietorship.  At the hearing, Plaintiff expanded this argument to the contention that Edwards

Grocery, LLC is the successor to both the sole proprietorship and Edwards Masonry, Inc.

The Eleventh Circuit has not addressed the issue of successor liability in the context of

FLSA liability, but one Florida federal district court did and concluded that the Eleventh Circuit would find that successor liability exists under the FLSA. See Cuervo v. Airport Services, Inc., 2013 WL 6170661, at *2 (Nov. 22, 2013). This Court agrees with the Cuervo court that the Eleventh Circuit would find that successor liability exists under the FLSA.

Plaintiff, however, fails to allege in his complaint any facts regarding Edwards Grocery, LLC's successor liability. In fact, Plaintiff does not even allege that Edwards Grocery, LLC is the successor to Mr. Edwards' sole proprietorship and Edwards Masonry, Inc. As such, the FLSA claim against Edwards Grocery, LLC must be dismissed, but the Court will grant Plaintiff leave to amend to cure this pleading deficiency.

### 2.  Edwards Masonry, Inc.

Defendants argue that the FLSA claim should be dismissed as to Edwards Masonry, Inc., because Edwards Masonry, Inc. was administratively dissolved on September 27, 2013—prior to this suit being filed on October 7, 2013. Plaintiff correctly responds that an administratively dissolved corporation can be sued. See Ron's Quality Towing, Inc. v. Southeastern Bank of Fla., 765 So. 2d 134, 135 (Fla. 1st DCA 2000); Samples v. Conoco, Inc., 165 F. Supp.2d 1303, 1319 (N.D. Fla. 2001); Grguric v. Little Mermaid South, Inc., 2008 WL 1766889, at *2 (S.D. Fla. Apr. 14, 2008); Fla. Stat, § 607.1405(2)(e). Accordingly, Defendants' motion to dismiss the FLSA claim against Edwards Masonry, Inc. is denied.[4]

### 3.  Ms. Edwards and Ms. Spencer

Defendants argue that the FLSA claim should be dismissed as to Ms. Edwards and Ms.

---

[4]To the extent that Defendants make this same argument with respect to Plaintiff's Florida minimum wage claim, the Court rejects their argument for the same reason.

Spencer, because they were never Plaintiff's employers.  Defendants merely dispute the veracity of the factual allegations asserted, which is inappropriate on a motion to dismiss.

The FLSA broadly defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  In order to be personally liable as an employer, an individual must either be involved in the day-to-day operation of the business or have some direct responsibility for the supervision of the plaintiff. See Olivas v. A Little Havana Check Cash, Inc., 324 Fed. Appx. 839, 845 (11th Cir. 2009); Lamonica v. Safe Hurricane Shutters, Inc., 711F.3d 1299, 1313 (11th Cir. 2013).  As explained by the Eleventh Circuit:

> [T]he FLSA contemplates at least some individual liability, and it is consistent with Congress's intent to impose liability upon those who "control[ ] a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA."  A supervisor's ownership interest in the corporation and control over the corporation's day-to-day functions are relevant to this inquiry because they are indicative of the supervisor's role in causing the violation.

Lamonica, 711F.3d at 1313 (internal citation omitted).

Plaintiff has alleged that Ms. Edwards and Ms. Spencer: (1) had the power to hire and fire employees; (2) supervised and controlled Plaintiff's work schedule and conditions of employment; (3) determined Plaintiff's compensation; (4) maintained or should have maintained all employee records; and (5) paid Plaintiff his weekly wages in cash beginning on March 1, 2012.  The Court finds that these allegations are sufficient to withstand a motion to dismiss, and as such, the motion is denied as to this issue.  Whether Plaintiff will be able to succeed at showing that Ms. Edwards and Ms. Spencer did, in fact, have a role in causing the alleged FLSA violation remains to be determined at a later date.

**B.  Count Two - Florida Minimum Wage Claim**

In Count Two, Plaintiff alleges that Defendants failed to pay him minimum wages under Florida law.  Plaintiff clarifies in his response brief that he is asserting a claim under Florida's Minimum Wage Act ("FMWA"), Florida Statute § 448.110.

Defendants argue that this claim must be dismissed, because: (1) Edwards Grocery, LLC was formed after Plaintiff's termination, and as such, it could not have employed Plaintiff; (2) Ms. Edwards and Ms. Spencer were never Plaintiff's employers; (3) Plaintiff did not allege the requisite number of employees; (4) Plaintiff did not comply with the notice requirements associated with this claim; and (5) Plaintiff has not sufficiently alleged a willful violation, such that a five-year limitations period would apply.  Accordingly, the Court will address each argument.

**1.  Edwards Grocery, LLC**

Defendants argue that the FMWA claim should be dismissed as to Edwards Grocery, LLC, because Edwards Grocery, LLC was formed after Plaintiff's termination, and as such, it could not have employed Plaintiff.  As he argued with respect to the FLSA claim, Plaintiff argues that Edwards Grocery, LLC can be held liable under a theory of successor liability. However, Plaintiff fails to allege in his complaint any facts regarding Edwards Grocery, LLC's successor liability.  As such, the FMWA claim against Edwards Grocery, LLC must be dismissed.  However, the Court will grant  Plaintiff leave to amend to cure this pleading deficiency.

**2.  Ms. Edwards and Ms. Spencer**

Defendants argue that the FMWA claim should be dismissed as to Ms. Edwards and Ms.

8

Spencer, because they were never Plaintiff's employers.  Defendants merely dispute the veracity of the factual allegations asserted, which is inappropriate on a motion to dismiss.

The definition of "employer" under the FMWA is the same as under the FLSA.  See Fla. Stat. § 448.109(1)(a).  The Court has already found that Plaintiff has sufficiently alleged that Ms. Edwards and Ms. Spencer were his employers, and as such, the Court denies Defendants' motion to dismiss on this issue.

### 3.  Number of Employees

Next, Defendants argue that the FMWA claim must be dismissed because Plaintiff has not alleged that Defendants had ten employees, as required by Florida Statute § 448.101(3). Section 448.101(3) defines an employer as a person or entity that employs ten or more persons. However, § 448.101(3)'s definition only applies to claims brought pursuant to Florida Statute § 448.101 through § 448.105.  Since Plaintiff is bringing an FMWA claim pursuant to § 448.110, the definition of an employer as requiring the employment of ten persons is not relevant to, and has no effect on, Plaintiff's FMWA claim.  Accordingly, the Court denies Defendants' motion to dismiss on this issue.

### 4.  Notice Requirement

Next, Defendants argue that the FMWA claim must be dismissed because Plaintiff did not comply with the notice requirements associated with this claim.  Specifically, Florida Statute § 448.110(6)(a) provides that prior to bringing a claim for unpaid minimum wages, the person aggrieved must do the following:

> [T]he person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and

9

> hours for which payment is sought, and the total amount of alleged
> unpaid wages through the date of the notice.

Fla. Stat. § 448.110(6)(a).  The statute further provides that "[t]he employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved."  Fla. Stat. § 448.110(6)(b).

Plaintiff does not contend that he did provide the requisite notice.  Instead, he contends that  such notice is not a condition precedent to filing suit under § 448.110.  In support of this argument, Plaintiff cites Throw v. Republic Enterprise Systems, Inc., 2006 WL 1823783 (M.D. Fla. June 30, 2006).  While the court in Throw did conclude that pre-suit notice was not required in order to assert a claim under Section 24, Article X of the Florida Constitution for failing to pay minimum wages, the Court also concluded that the notice requirement was a condition precedent in order to assert a minimum wage claim under Chapter 448 of the Florida Statutes. See id. at *2, 3.  As Plaintiff is asserting a minimum wage claim under § 448.110, his claim must be dismissed without prejudice due to his failure to comply with the notice requirement. However, the Court will allow Plaintiff leave to amend his complaint to assert an FMWA claim after he provides the required notice.

### 5.  Willfulness

Defendants also argue that Plaintiff is asserting a five-year limitations period for his FMWA claim, but Plaintiff has not sufficiently alleged a willful violation, such that a five-year limitations period would apply.  Florida Statute § 95.11(2)(d) provides a five-year limitations period for willful violations of § 448.110.  Plaintiff has not alleged willfulness in his complaint, and a such, if he amends his complaint to assert an FMWA claim, he needs to set forth allegations of willfulness if he wants to invoke the five-year limitations period.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that the motion to dismiss (Doc. No.

19) is **GRANTED IN PART AND DENIED IN PART**:

(1)     As to the FLSA claim in Count One, the motion is **GRANTED** as to Edwards

Grocery, LLC; otherwise, the motion as to this count is **DENIED**.

(2)     As to the FMWA claim in Count Two, the motion is **GRANTED**.

(3)     As to Count Three, Plaintiff consents to the dismissal of this claim.

(4)     Plaintiff may file an amended complaint by April 4, 2014 regarding his FLSA and

FMWA claims.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of March, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record