UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNIE BELNAVIS,

      Plaintiff,

v.                                                   Case No.  8:13-cv-2580-T-24 MAP

EDWARDS MASONRY, ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on the parties' motions in limine (Doc. No. 62, 63) and the responses thereto (Doc. No. 64, 68) in this unpaid wages case. Accordingly, the Court will address each motion.

**I.  Plaintiff's Motion in Limine (Doc. No. 62)**

During discovery, Plaintiff failed to timely disclose two witnesses (Ancella Thompson and Llwellyn Segree), and Defendants failed to timely disclose one witness (Teresa Duchene). As a result, Plaintiff filed a motion in limine to allow all three untimely disclosed witnesses to testify at trial or to allow none of them to testify at trial.

It appears that Plaintiff would prefer to have all three witnesses testify at trial, and he argues that there will be no prejudice. Specifically, Plaintiff states that he timely disclosed numerous other witnesses to Defendants, but Defendants never deposed any of those witnesses, and as such, there is no reason to conclude that the failure to timely disclose the witnesses at issue has caused any prejudice to Defendants.

Defendants respond that none of the untimely disclosed witnesses should be able to testify at trial. However, upon consideration, the Court will allow all of the witnesses identified

in the pretrial statement to testify at trial, as the Court finds that Defendants will not be prejudiced.

## II.  Defendants' Motion in Limine (Doc. No. 63)

Defendants filed a motion in limine on two issues: (1) the failure to timely disclose the witnesses described above; and (2) Plaintiff's failure to provide his tax returns during discovery. The Court has already ruled on the first issue and will allow all of the witnesses identified in the pretrial statement to testify at trial.

With regard to the second issue, Defendants sought Plaintiff's tax returns for 2008 through 2013 and filed a motion to compel them. (Doc. No. 41).  The magistrate judge denied the motion to compel. (Doc. No. 45).  Defendants did not appeal the magistrate judge's ruling. Instead, Defendants filed a motion in limine to exclude any testimony or evidence about Plaintiff's income during those years for which he did not produce a tax return.

Plaintiff objects to the motion, arguing that Defendants should have filed an objection to appeal the magistrate judge's ruling.  Because Defendants failed to do so, Plaintiff argues that Defendants' motion should be denied.  The Court agrees with Plaintiff and denies Defendants' motion.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion in Limine (Doc. No. 62) is **GRANTED** to the extent that the Court will allow all of the witnesses identified in the pretrial statement to testify at trial.  Plaintiff is directed to provide Defendants with the addresses of his previously undisclosed witnesses by December 22, 2014.

(2)   Defendants' Motion in Limine (Doc. No. 63) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of December, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record